**In re A.H. ROBINS COMPANY, INC.,**
**Debtor, Employer Tax Identification**
**No. 54–0486348.**

**No. 85–01307–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

Feb. 22, 1994.

Richard J. Ebbinghouse, Gordon, Silberman, Wiggins & Childs, P.C., Birmingham, Alabama, for Jeanette Harris.

Melody G. Foster, Richmond, Virginia, for Dalkon Shield Claimants Trust.

### *MEMORANDUM*

MERHIGE, District Judge.

This matter is before the Court on motion by Dalkon Shield Claimant Jeanette Harris, DS–296511, to extend the time for submitting her Option election form. Harris' claim against the Dalkon Shield Claimants' Trust ("Trust") was disallowed on July 13, 1991, for failing to elect an Option before expiration of the twelve-month deadline, as provided by Section B of the Claims Resolution Facility. Harris' principal argument is that she did not receive actual notice of the deadline for mak-

ing her election. For reasons which follow, the Court will deny her motion.

The records of the Trust reflect the following sequence of events. Harris filed a timely claim against the Dalkon Shield Claimants Trust ("Trust") on July 15, 1986. In her claim material she provided an address for her attorney, Richard J. Ebbinghouse, and for herself. In March, 1990, the Trust mailed an option election packet to the address given for Ebbinghouse. The packet was returned marked "Undeliverable, Addressee Unknown."

In an attempt to locate Harris or her attorney, the Trust sent a letter to Harris at her address of record in February, 1991. That letter was returned as undeliverable. The Trust next checked with the United States Postal Service, discovered a possible new address for Ebbinghouse, and mailed a letter to him at that address in March, 1991. The letter stated:

> The Dalkon Shield Claimants Trust does not have your current mailing address on file. Therefore, please complete the enclosed change of address form with your correct mailing address and return it to the Trust so that we may update your file. Please be aware that our records reflect that you are a representative for Dalkon Shield Claimants. We have important information that we are trying to mail to you regarding these claimants. Please complete the attached form as soon as possible to avoid any further delays.

Letter of Trust (K.M. Fahed) to R.J. Ebbinghouse of 3/29/91, found at Trust Brief in Opposition, Exh. D. The letter also enclosed a form for correcting an address in Trust records. This letter was addressed to Ebbinghouse's new and correct address, and he actually received it. However, Ebbinghouse did not immediately respond.

Having no response from its efforts to locate Harris or her counsel, the Trust properly continued to correspond to the address of record for Harris' counsel, given by Harris at the time she filed her claim. Throughout May and June the Trust sent four additional notices to counsel's address of record, warning of the impending deadline for submitting Harris' Option election form. Harris' claim was disallowed on July 13, 1991, more than fifteen months after the mailing of her Option election packet. Two months later, in September, 1991, Ebbinghouse returned the change of address form that had been mailed to him six months earlier. Two years later in September, 1993, Harris' counsel discovered by telephone inquiry that Harris' claim had been disallowed and filed this motion.

Movant Harris argues that: (1) The Trust's failure to give actual notice to Harris violated her right to due process; (2) The Trust had and breached a duty to locate Harris or her counsel; and (3) The appropriate standard of review for this Court is much more rigorous than the "abuse of discretion" standard argued by the Trust. All Movant's arguments fail.

The failure of actual notice is not determinative of the sufficiency of notice under due process, particularly where, as here, the failure of actual notice is due to the fault of the movant. The Trust provided notice as instructed by the movant. It is not required to do more. The Trust has no duty to search for claimants or counsel who choose to change addresses without sharing that information with the Trust or the Court. The Trust certainly is not required to divine by mysterious intelligence that its extraordinary effort in March, 1991, to find movant's counsel was in fact successful, but that counsel simply chose not to respond for six months.

By any standard of review, the Court must affirm the Trust's disallowance of Harris' claim. Movant offers no grounds to warrant extension of the deadline for Claimant Harris.