## In re A.H. ROBINS COMPANY, INC., Debtor, Employer Tax Identification No. 54-0486348.

## Miriam ALMALICH, et al., Movants,

v.

## DALKON SHIELD CLAIMANTS TRUST, Respondent.

### No. 84-01307-R.

United States District Court,
E.D. Virginia,
Richmond Division.

July 29, 1994.

Sherman E. Fein, Fein, Pearson, Emond & Fein, Springfield, Massachusetts, Michael A. Pretl, Pretl and Erwin, P.A., Baltimore, Maryland, for Miriam Almalich, et al.

Melody G. Foster, Richmond, Virginia (Orran Lee Brown, on the briefs), for Dalkon Shield Claimants Trust.

## *MEMORANDUM*

MERHIGE, District Judge.

This matter is before the Court on a motion by Dalkon Shield claimant Miriam Almalich and others for an extension of time beyond a deadline established by the Dalkon Shield Claimants Trust ("Trust"). The deadline, set on August 1, 1994, is the last date on which claimants may file forms necessary to complete their claims. Claims remaining incomplete after that deadline may be disallowed by the Trust. Movants ask the Court to order that the deadline as to their claims be extended 90 days. For reasons that follow, the Court will deny the motion.

The circumstances underlying this motion go back several years. The Claims Resolution Facility (CRF), which is part of the A.H. Robins Reorganization Plan ("Plan"), requires the Trust to mail to each person asserting a claim against the Trust a form necessary to complete his or her claim.

CRF § B at 1. The CRF also provides that "any claimant who fails to return the appropriate form within twelve months from the date of mailing shall have his or her claim disallowed." CRF § B at 1. The Trust completed the mailing of forms by July 1, 1990. By the terms of the CRF, the deadline for claimants to return completed forms to the Trust was July 1, 1991.

Many attorneys representing multiple claimants objected to the July 1, 1991 deadline. Their principal objection was that one year was not enough time to gather the information needed to complete forms for many different claimants.

In response to this objection, the Trust established a revised procedure under which claimants could avoid disallowance of their claims by filing an interim form by the July 1, 1991, deadline. This interim form was the Option Election Form, with which the claimant made a binding election to proceed through one of several paths to resolve his or her claim. Claimants submitting an Option Election Form by the July 1, 1991, deadline would preserve their claims, but the Trust would not begin processing those claims until receipt of their complete information forms at some later date. The Trust initially set no deadline for return of complete information forms.

Two and one-half years later in December, 1993, the Trust sent a letter to all claimants who had preserved their claims with an Option Election Form but had not yet completed their claims. The letter warned that their claims might be disallowed.

In February, 1994, the Trust established a deadline of August 1, 1994, for completion of all claims. Since February, the Trust has mailed six warnings to each claimant with an incomplete claim, stating that his or her claim will be disallowed if not completed by August 1, 1994.

By counsels Sherman E. Fein and Michael A. Pretl, Movants represent that they are 219 Israeli citizens who have incomplete claims which cannot be completed by August 1, 1994. They represent that Fein, Pretl, and a variety of lawyers in Israel have engaged in an embarrassing litany of miscom-

munication, inaction, incompetence, and infighting. As a result, Movants have been unable in the four years since July 1, 1990, to complete their claim forms. Therefore, they ask this Court to order the Trust to extend their deadline for completing claims by as much as 90 days beyond August 1, 1994.

The Trust opposes the motion. The Trust first represents that the motion itself contains serious errors. The Trust represents that according to its records, of the 219 claimants whose names are attached to the motion, 108 report neither Fein nor Pretl as attorney of record. Further, 184 of the 219 names have completed their claims and are not affected by the August 1 deadline—67 have been paid and closed, and 117 are in processing. Therefore, according to the Trust, only 35 of the listed names are affected by the deadline. All of these 35 have named Fein as their attorney of record before the Trust.

The Trust opposes the motion on the basis that it asks the Court to interfere in the day-to-day operations of the Trust, which the Court may not do under section 8.05 of the Plan. The Trust also opposes on the basis that Movants offer no grounds warranting an extension.

This Court retained jurisdiction over the Trust and the Plan for many purposes, but that retained jurisdiction expressly excludes authority over, and authority to monitor, the day-to-day operations of the Trust. Plan § 8.05. Authority over day-to-day operations resides with the Trust. The Plan and the Claimants Trust Agreement (CTA) give the Trust responsibility for resolving all Dalkon Shield claims. Plan § 5.05; CTA § 2.02. The CTA grants the Trustees broad authority to act as they "deem reasonably necessary or desirable for the proper management of the Trust." CTA § 4.03(b).

Establishment of the August 1, 1994, deadline is within the Trust's authority and constitutes an ordinary, day-to-day operation in the management of the claims process.

The CRF also authorizes the Trust to disallow claims for which complete forms are not timely returned, "unless the claimant is able to demonstrate to the satisfaction of the Trustees that the failure should be excused." CRF § B. Therefore, the Trust has authority to hear prayers for relief from the August 1 deadline and to grant relief within the restrictions of the CRF and other Trust instruments.

Movants apparently have not presented their request for deadline relief to the Trust, nor do they give a reason for failing to do so. The Court is reluctant to intervene in Trust matters on behalf of claimants who have not exhausted Trust remedies.

Further, the circumstance of which these Movants complain is an ordinary deadline in the claims resolution process, clearly part of the day-to-day operations of the Trust. This Court recently considered a request for relief from day-to-day Trust operations. In that matter, a claimant asked the Court for relief from the Trust's decision to disallow her claim for failing to file an Option Election Form by July 1, 1991. *Mantush v. Dalkon Shield Claimants Trust,* 197 B.R. 493 (E.D.Va.1994). This Court stated:

This Court has not had occasion to decide the standard to be applied in reviewing Trust actions, but it has clearly relinquished power to review day-to-day operational decisions of the Trust. Section 8.05 of the Plan, in which this court retains jurisdiction for a number of purposes, states: "[N]othing in this Section 8.05 is intended to confer jurisdiction upon the Court over, or grant authority to monitor, the day-to-day operations of the Trusts or the Claims Resolution Facility." Therefore, as a prerequisite to obtaining relief from a decision committed to the discretion of the Trust, the movant must show facts or issues that elevate the matter above the level of ordinary operations.

*Id.* at 494.

The instant motion presents no facts or issues that elevate the August 1, 1994, deadline above the day-to-day operations of the Trust. This Court finds no cause to disturb that deadline, and will deny Movants' request for an extension.