**In re A.H. ROBINS COMPANY, INCORPORATED, Debtor,**

**Employer's Tax Identification No. 54–0486348.**

**Christina JOHNSON, Movant,**

v.

**DALKON SHIELD CLAIMANTS TRUST, Respondents.**

**No. 85–01307–R.**

United States District Court, E.D. Virginia, Richmond Division.

June 30, 1995.

Kit Williams, Fayetteville, Arkansas, for Christina Johnson.

Orran Lee Brown, Richmond, Virginia, for Dalkon Shield Claimants Trust.

## MEMORANDUM

MERHIGE, District Judge.

Dalkon Shield Claimant Christina Johnson ("Movant"), through counsel, filed a motion in response to this Court's March 1, 1995, Order disallowing unreasonable attorneys' fees. Rather than objecting to the Court's Order, Movant recommended that the 10% limitation on attorneys fees payable out of any pro rata distribution be "adopted as reasonable and proper." Movant's Motion ¶ 2. At the same time, however, Movant moved for an Order requiring the Trust to re-review her claim documents and award her a payment in excess of her pro rata share. *Id.* ¶ 3.

For the reasons which follow, Movant's motion will be denied.

### I.

Movant filed a claim under Option 3 of the Claims Resolution Facility. Movant rejected her offer of compensation and elected to proceed with Fast–Track Arbitration in accordance with section E.5(a) of the Claims Resolution Facility ("CRF").

At the February 19, 1993 arbitration hearing, Movant sought to recover for the following injuries: (1) a 1977 episode of pelvic inflammatory disease ("PID"), (2) infertility, (3) a right cystic ovarian mass and periovarian-peritubal adhesions which required a 1989 laparotomy and right salpingo-oophorectomy, and (4) continued cramping and bleeding. The arbitrator found that Movant used the Dalkon Shield and that it caused her episode of PID. He further concluded, however, that Movant failed to satisfy her burden of proving, by a preponderance of the evidence, that her other injuries were causally related to Dalkon Shield use. On this basis, the arbitrator awarded Movant $2,000.00.

On March 9, 1995, Movant filed a motion with this Court seeking an Order that the Trust re-review her file and that "no attorneys fees be awarded or allowed out of any surplus fund to any attorney until [her] hospital bills of $4,541.40 are paid in full." Movant's Motion ¶ 4. The Trust opposes this motion, arguing that the Plan does not permit favoritism in the potential payment of the pro rata distribution and that any attempt to modify the arbitrator's award is not possible in Movant's case.

### II.

■ Payment of the pro rata distribution is addressed in CRF § G. 14:

To the extent funds (not including Aetna Insurance) remain after all [timely and valid late claims] are paid in full, the remaining funds shall be paid in lieu of punitive damages to all claimants ... who received compensatory damage awards from the Trust, on a pro rata basis consistent with such awards.

This provision unequivocally mandates that payment of any "remaining funds" be made on a *proportionate* basis to those claimants who received compensatory awards. Any payment which would disrupt this balanced distribution scheme is prohibited. Therefore, to the extent that Movant seeks a pro rata payment in excess of the share formulated under § G.14, her motion will be denied.

 Movant, while not stating so directly, also challenges the arbitrator's decision. Claimants are permitted to move this Court for an Order vacating, modifying or correcting an arbitrator's award. Rules Governing Fast Track Arbitration, Rules XIV.B. & C. To do so, however, notice of such a motion must be served within three months of the award date. *Id.* Rule XIV.D. In Movant's case, the arbitrator issued his award on March 8, 1993; Movant's motion is dated March 9, 1995. Consequently, Movant is time-barred from challenging the arbitrator's award.

 Finally, Movant apparently seeks an Order directing the Trust to re-review her claim file. It is well settled that in the absence of a showing that a dispute involves something more, this Court may not involve itself with the day-to-day operations of the Trust. Plan § 8.05; *Kidd v. Dalkon Shield Claimants Trust,* 197 B.R. 597, 601–02 (E.D.Va. 1994) (day-to-day operations within discretion of Trust); *Mantush v. Dalkon Shield Claimants Trust,* 197 B.R. 493, 494 (E.D.Va.1994) (same). The review or re-review of claims files is the paradigm of ordinary operations. Because Plaintiff has failed to demonstrate that the instant matter involves something more, the requested relief must be denied.