**In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.**

**Employer's Tax Identification No. 54–0486348.**

**Lucile A. TUCKER, Movant,**

v.

**DALKON SHIELD CLAIMANTS TRUST, Respondent.**

**No. 85–01307–R.**

United States District Court, E.D. Virginia, Richmond Division.

Dec. 20, 1996.

Robert H. Ford, Ford Law Firm, Birmingham, AL, for Lucile Tucker.

Orran Lee Brown, Richmond, VA, for Dalkon Shield Claimants Trust.

### *MEMORANDUM*

MERHIGE, District Judge.

This matter is before the Court on Claimant Lucile A. Tucker's Motion To Execute Trial Election Form For Client. Claimant's attorney, Robert H. Ford ("Ford"), has filed this Motion seeking relief from the Trust's October 1, 1996 deadline for Option 3 claimants to return their signed ADR Election Forms. The Trust has refused to extend the deadline or to allow Ford to sign on behalf of his client. For the reasons which follow, the Court will deny the Motion.

### I.

Ford's one page Motion asks that the Court allow him to execute an ADR Election Form on behalf of his client, Tucker, so that she may elect to proceed with litigation.[1] Essentially, Tucker seeks relief from the October 1, 1996 deadline that the Trust imposed on all Option 3 claimants to either accept their offers and resolve their claim, or to elect ADR, arbitration or trial. The Trust has adopted a policy of disallowing those claims where a Election Form was not received by October 1, 1996. In addition, the Trust has required that a claimant personally sign the Election Form. The Trust contends that this signature policy ensures that the claimant has the occasion to make his or her own choice about how to proceed with the claim and that the action reflects the claimant's own objectives, not those of a lawyer. *See* Trust Resp.Br. at 7. The Trust also states that the personal signature confirms that the decision is legally binding on the claimant, and eliminates the incentive for claimants who are later dissatisfied with the outcome of their trial to contend that they never agreed to pursue that course of action. *Id.*

The record reflects that the Trust mailed Tucker's Election Form to the Ford Law Firm on July 1, 1996. A letter which accompanied the Election Form warned that the form must be signed by the claimant and returned to the Trust by October 1, 1996.[2] On August 1, 1996 the Trust sent by certified mail a second warning of the October 1, 1996 deadline. The Post Office receipt indicates that this second warning was received by the Ford Law Firm on August 13, 1996.[3] On August 30, 1996, the Trust mailed a third

---

1. Ford's Motion is not accompanied by a memorandum as required by Local Bankruptcy Rule 109(G).

2. A copy of the relevant portions of the July 1, 1996 mailing is attached to the Trust's Response Brief as Exhibit B.

3. A copy of the August 1, 1996 mailing as well as a copy of the certified mail receipt is attached to the Trust's Response Brief as Exhibit C.

warning to the Ford Law Firm.[4] Finally, a fourth warning, a letter from the Chairperson of the Trustees, was sent to the Ford Law Firm on September 3, 1996.[5] It was not until September 25, 1996 that Ford, through a paralegal, responded to the Trust's correspondence and indicated to the Trust that he was unable to locate Tucker. *See* Trust Resp.Br. at 8–9.

## II.

■ This Court has previously held that it "clearly has relinquished power to review day-to-day operational decisions of the Trust." *Mantush v. Dalkon Shield Claimants Trust,* 197 B.R. 493, 494 (E.D.Va.1994). Moreover, this Court has "repeatedly held that setting deadlines in the claims resolution process, disallowing claims that failed to comply with these deadlines, and granting or denying relief from such deadlines are within the ordinary day-to-day operations of the Trust." *Rothbard v. Dalkon Shield Claimants Trust,* 197 B.R. 509, 512 (E.D.Va.1996) (quoting *Almalich v. Dalkon Shield Claimants Trust,* 197 B.R. 485 (E.D.Va.1994)).

■ Ford offers no argument as to why the Trust's refusal to extend the deadline or refusal to allow him to sign on behalf of Tucker should rise above the realm of the day-to-day operations of the Trust. The Court is satisfied that on this basis alone, Ford is not entitled to the relief he seeks. Nevertheless, were this Court to review the Trust's decision to disallow Tucker's claim, the Court would have little difficulty concluding that Ford received adequate notice of the October 1, 1996 deadline and that Ford had ample opportunity to locate his client to obtain her signature. Finally, the Court notes that since the October 1, 1996 filing of his Motion, Ford has not forwarded to the Trust an Election Form personally signed by his client nor has Ford filed anything with the Court indicating that he has located Tucker.

For these reasons, the Court will deny the Motion.

An appropriate Order shall issue.

4. A copy of the August 30, 1996 mailing is attached to the Trust's Response Brief as Exhibit D.

5. A copy of the September 3, 1996 mailing is attached to the Trust's Response Brief as Exhibit E.