**In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.**

**Employer's Tax Identification No. 54–486348.**

**Sarah M. DUNBAR, Movant,**

v.

**DALKON SHIELD CLAIMANTS TRUST, Respondent.**

**No. 85–01307–R.**

United States District Court, E.D. Virginia, Richmond Division.

June 5, 1997.

Larry Dersona, Dersona & Donnan, Baton Rouge, LA, for Sarah M. Dunbar.

Anne M. Glenn, Melody G. Foster, Richmond, VA, for Dalkon Shield Claimants Trust.

---

## MEMORANDUM

### Contested Matter *

RICHARD L. WILLIAMS, District Judge.

This matter is before the Court on the Motion of Dalkon Shield Claimant Sarah M. Dunbar ("Dunbar") For Reinstatement of her Dalkon Shield claim. Dunbar seeks an order of this Court directing the Dalkon Shield Claimants Trust (the "Trust") to reinstate her disallowed claim. The motion has been fully briefed and the matter is ripe for disposition. For the reasons which follow, the Court will deny Dunbar's Motion.

### I.

Dunbar submitted a timely proof of claim to the Bankruptcy Court in 1986. Trust Ex. A. Dunbar perfected her claim later that year by filing a completed questionnaire regarding her Dalkon Shield injuries. Trust Ex. B. The Trust's records indicate that in December 1988, the Trust mailed an Option 1 packet to Dunbar.[1] The Trust's records also reveal that the Trust mailed an Option Election Packet to Dunbar on March 15, 1990. The information in the packet advised claimants that they had to elect one of four options available to them under the Claims Resolution Facility ("CRF") within one year of the date the packet was mailed, or their claims would be disallowed.[2] Trust Ex. C. Subsequently, the Trust mailed three separate disallowance warnings to all claimants, including Dunbar, who failed to submit a claim form. Trust Ex. D, E, F. Because Dunbar failed to elect an option before the July 1, 1991 deadline, the Trust disallowed her claim pursuant to CRF § B.[3]

Three weeks after the deadline, on July 25, 1991, the Trust received a letter from Dunbar's attorney, enclosing an Option 3 Claim Form and copies of Dunbar's medical record. Trust Ex. G. On July 29, 1991, the Trust advised Dunbar that her claim had been disallowed for her failure to meet the July 1, 1991 deadline.[4] Trust Ex. H. On July 30, 1991, the Trust responded to counsel's July 25 letter. The Trust acknowledged its receipt of Dunbar's Claim Form, but informed Dunbar that her claim had been disallowed.[5] Trust Ex. I.

Three years later, Dunbar, through counsel, requested that the Trust reinstate her claim on the basis of the "U.S. Post Office's error in not delivering our mail to you on a timely basis." Trust Ex. L. On October 13, 1994, the Trust denied Dunbar's request for reinstatement. Trust Ex. M.[6]

On April 4, 1995, Dunbar filed her Motion For Reinstatement. In her Motion, Dunbar claims that she mailed her election form on

---

* Pursuant to Federal Rule of Civil Procedure 63 and Bankruptcy Rule 9028, this matter is before The Honorable Richard L. Williams. The Court hereby certifies that the regularly presiding judge is unable to proceed, that the Court is familiar with the record, and that proceedings in this matter may be completed without prejudice to the parties.

1. In July 1988, Dunbar notified the Trust that she had retained counsel. Pursuant to the Trust's standard procedures, the attorney's address became Dunbar's address of record.

2. Because the Trust did not complete its mailing of the Option Election Packets to all claimants until July 1, 1990, the Trust set a July 1, 1991 deadline for claimants to elect an option. Dunbar therefore had over fifteen month from the time her packet was mailed to elect an option.

3. Section B of the CRF provides that "any claimant who fails to return the appropriate form within twelve months from the date of mailing [of the Option Election Packet] shall have his or her claim disallowed, unless the claimant is able to demonstrate to the satisfaction of the Trustees that the failure should be excused." CRF § B.

4. This letter did not mention Dunbar's July 25 submission.

5. Enclosed with both of the Trust's letters was a "Request for Reinstatement of Claim" form. Trust Ex. J. Both letters also informed Dunbar that completion of this form was the "only possible chance of ever recovering any money from the Trust" and that she must return the form immediately. Trust Ex. H & I.

6. The Trust's records cast serious doubt on the veracity of Dunbar's claim that the Post Office is to blame for Dunbar's failure to elect an option by July 1, 1991. Although the letter accompanying Dunbar's election form is dated June 22, 1991, the postal machine stamp on the envelope is dated July 22, 1991. Trust Ex. N. The Trust notes that the July 22, 1991 stamp date is consistent with the Trust's receipt of the materials three days later, on July 25, 1991.

June 22, 1991 and "but for the laxity of the U.S. Post Office in failing to timely deliver [her form]," her claim would have been timely. Mot at 1. Dunbar argues that she should not be "barred from consideration because of an error by the Post Office." *Id.* at 1–2. The Trust opposes Dunbar's Motion.

## II.

In *In re A.H. Robins Co. (Mantush v. Dalkon Shield Claimants Trust)*, 197 B.R. 493 (E.D.Va.1994), this Court determined that the setting of the specific deadline at issue in this case, and the subsequent disallowance of claims for failure to meet this deadline, is a day-to-day operation of the Trust over which the Court lacks jurisdiction. *Id.* at 494. Accordingly, this Court held that in order to obtain relief from this type of decision which is committed to the discretion of the Trust, a "movant must show facts or issues that elevate the matter above the level of ordinary operations." *Id. See also In re A.H. Robins Co. (Shukis v. Dalkon Shield Claimants Trust)*, 175 B.R. 204, 208, 211 (Bankr.E.D.Va.1994); *In re A.H. Robins Co. (Almalich v. Dalkon Shield Claimants Trust)*, 197 B.R. 485, 487 (E.D.Va.1994).

In this case, Dunbar asks the Court to excuse her failure to elect an option on the grounds that the Post Office failed to deliver her Option Election Form in a timely manner. Setting aside the evidence which suggests that Dunbar did not mail her form until several weeks after the deadline, and assuming, *arguendo,* that the form was mailed on June 22, 1991, the Court finds that Dunbar has failed to present any facts or issues that would elevate this matter above the realm of day-to-day Trust operations. Accordingly, the Court finds no cause to disturb the Trust's decision to disallow Dunbar's claim and will deny the Motion For Reinstatement.