**In re A.H. ROBINS COMPANY, INCORPORATED, Debtor.**

Employer's Tax Identification No. 54–0486348.

**Shirley J. EVANS, Movant,**

v.

**DALKON SHIELD CLAIMANTS TRUST, Respondent.**

No. 85–01307–R.

United States District Court, E.D. Virginia, Richmond Division.

Aug. 12, 1997.

Patricia L. Brownlee, St. Louis, MO, for Shirley J. Evans.

Melody G. Foster, Richmond, VA, for Dalkon Shield Claimants Trust.

*MEMORANDUM\**

RICHARD L. WILLIAMS, District Judge.

This matter is before the Court on the motion of Dalkon Shield Claimant Shirley J. Evans ("Evans") to reinstate her Dalkon Shield claim. Evans' claim was disallowed by the Dalkon Shield Claimants Trust (the "Trust") after she failed to respond to the Trust's December 12, 1995 settlement offer by the May 1, 1996 deadline. For the reasons which follow, the Court will deny Evans' motion.

I.

In *In re A.H. Robins Co. (Mantush v. Dalkon Shield Claimants Trust)*, 197 B.R. 493 (E.D.Va.1994), this Court determined that the setting of certain deadlines, and the subsequent disallowance of claims for failure to meet a deadline, is a day-to-day operation of the Trust over which the Court lacks jurisdiction. *Id.* at 494. Accordingly, this Court held that in order to obtain relief from this type of decision which is committed to the discretion of the Trust, a "movant must show facts or issues that elevate the matter above the level of ordinary operations." *Id.;* see also *In re A.H. Robins Co. (Shukis v. Dalkon Shield Claimants Trust)*, 175 B.R. 204, 208, 211 (Bankr.E.D.Va.1994); *In re A.H. Robins Co. (Almalich v. Dalkon Shield Claimants Trust)*, 197 B.R. 485, 487 (E.D.Va. 1994).

II.

The record in this case reflects that Evans received legally adequate notice of the May 1, 1996 deadline and the consequences

---

\* Pursuant to Federal Rule of Civil Procedure 63 and Bankruptcy Rule 9028, this matter is before The Honorable Richard L. Williams. The Court certifies that the regularly presiding judge is un-

able to proceed, that the Court is familiar with the record, and that proceedings in this matter without prejudice to the parties.

of her failure to comply with that deadline. Trust Ex. A, B, & C. Evans offers no explanation for her dilatory efforts other than to state that an unspecified "clerical error" caused her to fail to respond. Unfortunately for the claimant in this case, an attorney's neglect in properly monitoring and pursuing a client's claim does not rise above the level of ordinary operations necessary to overturn the Trust's disallowance of a claim. *See, e.g., In re A.H. Robins Co. (Rothbard v. Dalkon Shield Claimants Trust),* 197 B.R. 509, 512–13 (E.D.Va.1996); *In re A.H. Robins Co. (Harris v. Dalkon Shield Claimants Trust),* 197 B.R. 491, 492 (E.D.Va.1994). Evans has therefore failed to show facts or issues that elevate this matter above the level of ordinary day-to-day operations of the Trust and which would entitle her to relief from the May 1, 1996 deadline. For this reason, the Court will not disturb the decision of the Trust and will deny Evans' motion for reinstatement.