UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

In Re: A. H. ROBINS COMPANY,
INCORPORATED,

*Debtor.*

DIANE HIGGINS,

*Claimant-Appellant,*

v.

DALKON SHIELD CLAIMANTS TRUST,

*Debtor-Appellee.*

No. 02-1588

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge;
David G. Lowe, Magistrate Judge.
(CA-85-1307-R)

Submitted: September 20, 2002

Decided: October 7, 2002

Before WIDENER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Diane Higgins, Appellant Pro Se. Orran Lee Brown, Sr., BOWMAN
& BROOKE, L.L.P., Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Diane Higgins appeals the district court's order denying her second motion to set aside an alternative dispute resolution (ADR) award and requesting that the Dalkon Shield Claimants Trust (the Trust) re-issue checks representing payment of the award. We affirm.

The ADR referee awarded Higgins $4000 for an episode of severe pain and bleeding caused by the Dalkon Shield. Higgins moved to set aside the ADR decision. The district court denied that motion, and Higgins appealed. We affirmed. *Higgins v. Dalkon Shield Claimants Trust*, No. 98-1076 (4th Cir. Aug. 20, 1998) (unpublished).

Higgins refused to cash a number of checks that the Trust sent to her in an effort to settle her claim. The Trust warned Higgins that failure to deposit the checks would result in disallowance of her claim and loss of the right to payment of her claim. On March 22, 1999, the Trust informed Higgins' attorney that it had disallowed the claim and that she would receive no further checks from the Trust.

On March 1, 2002, the district court docketed a letter from Higgins as a motion to set aside the ADR decision. In the letter, Higgins also complained that the Trust had placed a stop payment order on some stale checks that she had attempted to cash. The district court denied the motion and Higgins' apparent request that the Trust re-issue the checks.

Res judicata barred the district court from considering Higgins' second motion to set aside the ADR decision. *See Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000) (holding final judgment on merits bars further claims by same parties based on same cause of action). Further, the Trust's decision to disallow Higgins' claim and refuse to issue further checks in payment of the claim is an action lying within

the day-to-day operations of the Trust. As such, the decision is not subject to judicial review. *See In re A. H. Robins Co. (Almalich v. Dalkon Shield Claimants Trust)*, 197 B.R. 485, 487 (E.D. Va. 1994); *In re A. H. Robins Co. (Shukis v. Dalkon Shield Claimants Trust)*, 175 B.R. 204, 208-10 (E.D. Va. 1994). Finally, there is no merit to Higgins' complaint that a bank refused to honor stale checks.

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*